## Case No. 16,272.

### UNITED STATES v. SHELTON et al.

[1 Brock. 517.] [1]

Circuit Court, E. D. Virginia.    May Term, 1821.

DEBTS DUE UNITED STATES — PRIORITY — INSOLVENCY OF PARTNERSHIP.

Where a partnership firm, being indebted to the United States for duties, makes an assignment of all their effects for the payment of their debts, for which the social fund is inadequate, this is an act of insolvency, quoad the social fund, under the act of congress, which gives the United States the preference to other creditors, "in all cases of insolvency;" and it seems, that such an assignment amounts to an act of general insolvency, and that the private property of the individual partners, will also be subjected to the payment, in the first instance, of the debt due to the United States, in the event of the inadequacy of the partnership fund.

[Cited in brief in U. S. v. Lewis, Case No. 15,-595.]

[Cited in Morris v. Morris, 4 Grat. 313.]

MARSHALL, Circuit Justice. In this case, P. T. Shelton & Co., consisting of P. T. Shelton, and Walter Shelton, being indebted to the United States for duties, made a voluntary assignment of all their effects for the payment of their debts. Walter Shelton, was in possession of some estate in his private character, which he afterwards conveyed for the payment of his private debts. The United States have filed their bill, claiming priority out of the social fund, and have also, in a supplemental bill, claimed priority out of the private fund. The controversy is, between the creditors under the first and last deed. Those under the first deed, contend that its execution was not an act of insolvency, inasmuch as one of the partners remained solvent. The creditors under the second deed insist, that the claim of the United States, if it can now be asserted, ought to be charged on the first deed. Some other questions have been made in the cause, but they are contingent questions, depending on the manner in which the first shall be decided.

The act of congress gives a preference to the United States, "in all cases of insolvency." And these "shall be deemed to extend, as well to cases in which a debtor, not having sufficient property to pay all of his, or her debts, shall have made a voluntary assignment thereof, for the benefit of his, or her creditors," "as to cases in which an act of legal bankruptcy shall have been committed." 1 Story's Laws, c. 74,

p. 465, § 5 [1 Stat. 515, c. 20]. P. T. Shelton & Co., executed their bond to the United States, as partners, for a partnership debt. In that character, they were the "debtor" of the United States. In that character, they had not "sufficient property to pay all their debts." In that character, they "made a voluntary assignment of all their property for the benefit of their creditors." This would, I think, have been "an act of legal bankruptcy," under the act of congress, passed afterwards on the subject, as well as under the bankrupt laws of England, and would, probably, have constituted an act of bankruptcy, under any state law, which might exist at the time. Of this, however, I am not certain. I cannot, therefore, say positively, that the question, whether this assignment is an act of insolvency, under the act of congress, derives any illustration from the reference it makes to "an act of legal bankruptcy;" though I am inclined to think it does. But be this as it may, I am disposed to think, that on the mere reason of the case, it is a fair exposition of the words of the act of congress, to consider it as an act of insolvency. It was an alienation of that whole fund, which was immediately, and in the first instance, chargeable with this debt. Had a commission of bankruptcy been sued out, the debt of the United States, being a partnership debt, would have been paid out of the social fund; and recourse would not have been allowed against the private fund, till the social fund was exhausted, or shown to be inadequate to the satisfaction of the debt. It seems to be the dictate of justice, that partnership transactions should be charged in the first instance, on the partnership fund, and private transactions on the private fund, when there is not enough for the payment of all.

I shall, therefore, direct the trustees, under the first deed, to pay the debt due to the United States, with liberty to apply to the court, should that fund prove insufficient.

See a summary of the cases, decided by the supreme and circuit courts of the United States, involving the question of the priority of the United States, arising under the insolvent laws. 1 Pet. Cond. R. 430, and 6 Pet. Cond. R. 603. See, also, a very interesting decision on the subject, in the case of U. S. v. Marshal of District of North Carolina [Case No. 15,727.]